

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. M. Williams
County Auditor
Tarrant County
Fort Worth, Texas

Dear Sir:

Opinion No. O-5323
Re: Legality of paying board and room in foster homes for juvenile delinquents and expenses to be paid for trips relative to placing them in such homes.

   Your letter of May 19, 1943, requesting the opinion of this department on the above stated matters reads as follows:

   "The question has arisen as to the legality of paying board and room in Foster Homes for Juvenile Delinquencies. There has also been several trips that have been made relative to placing Juveniles in Foster Homes in other localities of the State by the Tarrant County Juvenile Board, and they requested their expense be paid for such trips.

   "The 1943 Budget that we are now operating under did not allocate this expenditure. We realize that this is rather an odd request and that we have continually refused to pay these claims, but any information or ruling that you may give on the above question will be greatly appreciated."

   Senate Bill No. 44, Acts of the 48th Legislature, Regular Session, 1943, is an act "the purpose of which is to change the method for handling delinquent children from the present criminal procedure to guardianship in order to secure for each child coming within the Act such care, guidance and

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED...

Honorable J. M. Williams, Page 2

control as will serve the child's welfare and the best interest of the state; providing for a Juvenile Court in each county of the state in the County or District Courts already established; defining certain terms; providing for the procedure in cases of delinquent children; manner of hearing; dispositional power of Juvenile Court; selection of custodial agency; providing for support of children committed to custodial agency; prescribing that records shall be confidential; permitting physical and mental examinations of children upon order of the court; prescribing places of detention; court session; co-operation; contempt; methods of appeal; saving clause; re-enacting that portion of Article 2329, Revised Civil Statutes, 1925, dealing with dependent and neglected children; repealing clause; and declaring an emergency, and effective date to be sixty days after enactment."

Section 3 of Senate Bill No. 44, supra, provides in part:

". . . The term 'delinquent child' means any female person over the age of ten (10) years and under the age of eighteen (18) years and any male person over the age of ten (10) years and under the age of seventeen (17) years:

"(a) who violates any penal law of this state of the grade of felony;

"(b) or who violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense may be by confinement in jail;

"(c) or who habitually violates any penal law of this state of the grade of misdemeanor where the punishment prescribed for such offense is by pecuniary fine only;

"(d) or who habitually violates any penal ordinance of a political subdivision of this state;

"(e) or who habitually violates a compulsory school attendance law of this state;

"(f) or who habitually so deports himself as to injure or endanger the morals or health of himself or others;

"(g) or who habitually associates with vicious and immoral persons."

Section 11 of said act provides:

"Whenever any officer takes a child into custody, he may release said child to a parent, guardian, or any other person upon receipt of a written or oral promise of said person to assume complete responsibility for said child and to have him before the probation officer or the court at any time then, or subsequently, specified by said officer. If not so released, such child shall be placed in the custody of a probation officer or other person designated by the court or be taken immediately to the probation department, the court, or to the place of detention designated by the court. The court may make a general order designating such places of detention which may include private foster or boarding homes for children, or such other places of detention which to the court seem desirable. The County Commissioners Court may pay for boarding or foster home care for such children to be detained, or all children coming within the meaning of this Act whether prior to, or after the child has been adjudged a 'delinquent child'."

Section 24 of said act provides:

"Articles 1083, 1084, 1085, 1086, 1088, 1089, 1090, 1091, 1092, 1093 of the Code of Criminal Procedure, and Article 1087 of the Code of Criminal Procedure as amended Acts 1927, 40th Legislature, Chapter 163, Section 1, are hereby repealed.

"Articles 2329 and 2338 of the Revised Civil Statutes of Texas, 1925, are hereby repealed.

"All laws and parts of laws in conflict herewith are also repealed."

Honorable J. M. Williams, Page 4

Section 24-A of said act reads as follows:

"This Act shall in no wise alter or affect
existing laws with reference to dependent or ne-
glected children as that term is defined by Arti-
ole 2330, Revised Civil Statutes, 1925, and the
District Court only shall have original jurisdic-
tion in all proceedings wherein it is sought to
have a child adjudged to be a dependent or ne-
glected child, and its findings in such cases
shall be entered in a book kept for that purpose
to be known as 'Juvenile Record'."

Detailed provision is made by statute (Title 43,
Vernon's Annotated Civil Statutes) for proceedings for the
adjudication and disposition of dependent and neglected
children, also adequate provision is made for the disposi-
tion, maintenance and custody of children who are found to
be dependent or neglected. Your request, as we construe it,
does not pertain to dependent or neglected children. There-
fore, this opinion is to be construed as applying to delin-
quent children only.

Tarrant County has a population of 225,521 inhabit-
ants according to the 1940 Federal Census.

Article 5142b, Vernon's Annotated Civil Statutes,
provides in part:

"Section 1. That the provisions of this Act
shall apply to and affect such counties only in
the State of Texas as have, according to the last
preceding Federal Census, a population of not more
than three hundred and twenty thousand (320,000)
inhabitants, and not less than two hundred and
twenty thousand (220,000) inhabitants, according
to the last preceding or any future Federal Census.

"Sec. 2. The Juvenile Board of such counties
shall be composed of the Judges of the several
District and Criminal District Courts, thereof,
together with the County Judge thereof.

"Sec. 15. The members composing said Juvenile
Board in such counties, on account of the additional
duties hereby imposed on them, are each hereby al-
lowed an additional compensation of Seventy-five

630

($75.00) Dollars per month to be paid by the Commissioners' Court in such counties, and the same to be in addition to all other compensation now allowed by law to such officers.

".  .  .  ."

It will be noted that the population of Tarrant County is such, according to the 1940 Federal Census, as comes within the provisions of the foregoing statute.

Section 11 of Senate Bill No. 44, supra, expressly authorizes the Commissioners' Court to pay for boarding or foster home care for certain children to be detained, or all children coming within the meaning of the act whether prior to, or after the child has been adjudged a delinquent child.

In answer to your first question, you are advised that it is our opinion that the Commissioners' Court may legally pay for boarding or foster home care for certain children as are mentioned in the preceding paragraph, out of county funds, provided, of course, such expenditure is made in compliance with the county budget.

We have failed to find any statute authorizing the payment of any expense to the members of the County Juvenile Board relative to placing delinquent children in foster homes which are situated in other localities of the state. Therefore, it is our opinion that the expense incurred by the members of the County Juvenile Board while making trips relative to placing delinquent children in foster homes cannot be legally paid.

You state in effect that the 1943 budget under which the county is now operating did not allocate the expenditures inquired about. Under the facts stated and in view of the foregoing statutes, you are advised that it is the opinion of this department that the Commissioners' Court of the county is unauthorized to make any expenditures of the funds of the county, except in strict compliance with the budget, except emergency expenditures in case of grave public necessity, to meet unusual and unforeseen conditions which could not, by reasonable diligence, thought and attention, have been included in the original budget. Such emergency expenditures

Honorable J. M. Williams, Page 6

must be made in compliance with the proper amendment to the budget by the Commissioners' Court. Whether or not the payment for boarding or foster home care for delinquent children is a situation as can be classified as a grave public necessity requiring emergency expenditures under the budget law so as to permit the Commissioners' Court to amend the budget, is a question of fact primarily to be passed upon by the Commissioners' Court.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

APPROVED JUN 2, 1943

FIRST ASSISTANT.
ATTORNEY GENERAL

AW:mp


APPROVED
OPINION
COMMITTEE